UNITED STATES DISTRICT COURT
for the Eastern District of Pennsylvania


Olean D. McNeil                               :
          Plaintiff                          :
                               :
    vs.                                     :
                               :
Patenaude & Felix, A.P.C.,                     :
     and                                   :
Gregg L. Morris, Esquire                       :          No.  11 - 0
     and                                   :
Capital One Bank                               :
          Defendants                         :
                               :


# Complaint Seeking Damages For Unfair Debt Collection

## I.  PRELIMINARY STATEMENT

1.      AND NOW, comes Plaintiff, Olean D. McNeil, by and through her attorney, Ronald G. McNeil, Esquire, brings this complaint under the Fair Debt Collection Practice Act of 1978, Title 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201 *et seq.* (hereinafter, "state Act"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* ("PFCEUA"), and the common law of the Commonwealth of Pennsylvania, which prohibits creditors and their agents from engaging in abusive, deceptive, and unfair practices, Plaintiff seeks, <u>inter alia</u>, compensatory damages, statutory damages, sanctions, punitive damages, costs of this suit and attorneys' fees, and, in support thereof, and avers as follows:

## II.  JURISDICTION

2.      This action is under the FDCPA, the state Act, the PFCEUA, and the common law of the Commonwealth of Pennsylvania.

3.      This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d), to 28 U.S.C. §§ 1331 and 1367, and over the state law claims pursuant to the doctrine of pendent jurisdiction.

4.      This court has personal jurisdiction over the defendant pursuant to 15 U.S.C. § 1692k(d), to 28 U.S.C. § 1337, and under the doctrine of pendent jurisdiction as set forth in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966).

5.      Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§
        2201 and 2202 and to the pendent claims.

6.      Compensatory and punitive damages are sought pursuant to 15 U.S.C. §§
        1692k(a)(1) and (2)(A) and to the pendent claims.

7.      Costs, attorney's fees, and sanctions may be awarded pursuant to 15 U.S.C. §
        1692k(a)(3) and to Fed. R. Civ. P. 54.

### III.  VENUE and PARTIES

8.      This action properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b),
        because the claim arose in this judicial district, and pursuant to 15 U.S.C. §
        1692k(d).

9.      Plaintiff, Olean D. McNeil, is a natural person and a senior citizen, and she resides
        within the City and County of Philadelphia, Pennsylvania.

10.     Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3).

11.     The alleged debt of Capital is a debt within the meaning of 15 U.S.C. § 1692a(5).

12.     The unfair debt collection practices alleged herein were committed within this
        judicial district.

13.     Defendant, Patenaude & Felix, A.P.C. (hereinafter called "P&F") is a professional
        law corporation with its main office at 4545 Murphy Canyon Road, 3rd Floor, San
        Diego, California 92123-4363.

14.     P&F collects debt nationwide maintaining offices in California and in Pennsylvania.

15.     P&F is a debt collector as that term is defined in the FDCPA, 15 U.S.C. §
        1692a(6).

16.     Defendant Gregg L. Morris, Esquire (hereinafter called "Morris") is an attorney
        employed by P&F in its Pennsylvania office located at 213 East Main Street,
        Carnegie, Pennsylvania 15106-2701 (Eric Polman, Esquire has represented Morris
        in his Philadelphia Municipal Court appearances).

17.     Morris is licensed to practice law in the Commonwealth of Pennsylvania
        and is a "debt collector " as that term is defined in the FDCPA, 15 U.S.C. §
        1692a(6).

18.     P&F establishes the policies and procedures for collection of debts by its
        attorneys, including Morris.

19.   P&F is liable for the actions of Morris.

20.   Defendant Capital One Bank, a/k/a, Capital One Financial Corporation (hereinafter called "Capital") is a corporation with a place of business located at  Office of General Counsel      ATTN: John G. Finneran, Jr., Esquire      15000 Capital One Drive      Richmond, VA  23238-1119.

21.   Capital is a creditor as that term is defined in the FDCPA, 15 U.S.C. § 1692a(4), in the PFCEUA, and in the state Act.

### IV.   FACTUAL BACKGROUND

22.   Plaintiff obtained a credit card from Defendant Capital ("the first account").

23.   Plaintiff became delinquent with the first account.

24.   On November 17, 2008, Capital commenced suit against Plaintiff in Philadelphia Municipal Court of the City and County of Philadelphia, within the Commonwealth of Pennsylvania docketed at number SC-08-11-17-5901.

25.   Plaintiff acknowledged this debt, settled this complaint, and has since satisfied the first account.  A copy of this satisfaction is attached hereto and marked as Exhibit "A."

26.   On March 3, 2010, Capital commenced another suit ("the Second Complaint"), alleging the existence of another account ('the second account"), against Plaintiff in Philadelphia Municipal Court of the City and County of Philadelphia, within the Commonwealth of Pennsylvania docketed at number SC-10-03-03-3355.  A copy of this suit is attached hereto and marked as Exhibit "B."

27.   The complaint was electronically signed by Morris as counsel for Capital and verified by Morris as authorized agent of Capital.

28.   In this Second Complaint, it was alleged, among other things, that Plaintiff was obligated to Capital for a balance due on the second account.

29.   In this Second Complaint, it was alleged, among other things, that Plaintiff was obligated to Capital for a balance generated on or before January 29, 2006.

30.   Defendants P&F and Morris knew or should have know that the Commonwealth of Pennsylvania has a four (4) years Statute of Limitation for such claims, pursuant to 42 Pa.C.S. § 5525.

31.     Plaintiff has been of the belief that Capital has confused the first account and the
        second account.

32.     Plaintiff's counsel has made several oral and written discovery requests on
        Defendants seeking validation of the second account.

33.     On or about July 2, 2010, Defendants were questioned about the validity of this
        Second Complaint. A copy of this July 2, 2010 letter is attached hereto and
        marked as Exhibit "C."

34.     Defendants named Plaintiff as a defendant in this second collection lawsuit without
        probable cause and for an improper purpose.

35.     On April 29, 2010, Capital obtained a default judgment against Plaintiff by filing an
        Affidavit alleging that it served a copy of this Second Complaint on Plaintiff at her
        residence despite the fact that Plaintiff was attending church during the time in
        question.

36.     Defendants' conduct is part of a pattern and practice of unlawful collection abuse
        thereby warranting punitive damages. A copy of a November 29, 2010 Wall Street
        Journal article, describing these unfair and deceptive practices, is attached hereto
        and marked as Exhibit "D."

37.     Defendants unlawful conduct caused Plaintiff to suffer emotional distress in the
        form of fear, anxiety, anger, and stress and to suffer financial damages.

38.     Plaintiff is filing this lawsuit in order to recover statutory, actual and punitive
        damages against Defendants and injunctive relief against Defendants pursuant to
        the above-mentioned statutes.

V.  CAUSE OF ACTIONS
COUNT I
FAIR DEBT COLLECTION PRACTICES ACT

39.     Plaintiff hereby incorporates by reference the before mentioned paragraphs of this
        complaint as if each were set forth herein at length.

40.     In the Second Complaint against Plaintiff, Defendants falsely represented the
        character, amount and legal status of the alleged debt owed by Plaintiff in violation
        of 15 U.S.C. § 1692e(2)(A).

41.     In this Second Complaint against Plaintiff, Defendants attempted to collect
        amounts from Plaintiff, for which Plaintiff was not liable to Capital, in violation of
        15 U.S.C. § 1692f(1).

42.     As a result of these unfair and false representations by P&F and Morris, Plaintiff suffered damages consisting of legal fees incurred in defending the action brought against her, emotional distress in the form of anxiety, worry, stress, anger, embarrassment, statutory damages, costs and reasonable attorneys fees incurred in the prosecution of this action.

COUNT II<br>PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

43.     Plaintiff hereby incorporates by reference the before mentioned paragraphs of this complaint as if each were set forth herein at length.

44.     Defendants violated the PFCEUA by falsely representing the character, amount and legal status of the alleged debt it claimed was owed by Plaintiff in its lawsuit against her.

45.     Plaintiff hereby incorporates by reference her damages set forth in the before mentioned  paragraphs as if set forth herein at length.

COUNT III<br>UNFAIR TRADE PRACTICES & CONSUMER PROTECTION LAW

46.     Plaintiff hereby incorporates by reference the before mentioned paragraphs of this complaint as if each were set forth herein at length.

47.     Defendants are attempting to collect a debt that is uncollectible and its tactics are fraudulent and/or deceptive, and were done to create the likelihood of confusion or of misunderstanding.

48.     By Defendants' conduct, they have violated the Unfair Trade Practices and Consumer Protection Law.

49.     As a result of these violations, Plaintiff has suffered damages, including but not limited to, the lost of life's enjoyments and mental anguish and loss of out of pocket expenses.

COUNT IV<br>COMMON LAW

50.     Plaintiff hereby incorporates by reference the before mentioned paragraphs of this complaint as if each were set forth herein at length.

51.  At the time this Second Complaint was filed against Plaintiff, the Defendants did not have in their possession admissible evidence to establish that Plaintiff owed Capital the amount set forth in the Second Complaint.

52.  At the time the Second Complaint was filed against Plaintiff, the Defendants did not reasonably believe that the facts in their possession established a valid cause of action against Plaintiff under either existing or developing law.

53.  The filing of the Second Complaint by Defendants was done in a grossly negligent manner, without probable cause, and for an improper purpose.

54.  The admissible facts and documentary substantiation for the claim brought by Defendants against Plaintiff that was in Defendants' possession at the time of the filing of the complaint did not form a reasonable basis that Capital had a valid second claim against Plaintiff.

55.  Defendants' conduct as detailed herein is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

56.  As a result of the acts of Defendants, Plaintiff has been forced to suffer damages consisting of attorneys fees and costs incurred in defending herself in the litigation brought by Defendants and emotional distress.

## VI.  PRAYER FOR RELIEF

As a result of the above-mentioned violations of FDCPA, the state Act, the PFCEUA, and the common law of the Commonwealth of Pennsylvania, Defendants are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees and is subject to sanctions.

WHEREFORE, Plaintiff respectfully prays that this Court:

a) declare Defendants' conduct to be in violation of Plaintiff's rights as provided by FDCPA, the state Act, the PFCEUA, and the common law of the Commonwealth of Pennsylvania;

b) enjoin Defendants from contacting Plaintiff;

c) award Plaintiff compensatory damages for violations of FDCPA, the state Act, the PFCEUA, and the common law of the Commonwealth of Pennsylvania, emotional distress, mental anguish, and humiliation;

d) award Plaintiff statutory damages for each violation;

e) award Plaintiff punitive damages;

f) award Plaintiff costs and attorney's fees;

g) subject Defendants to sanctions; and

h) grant such other relief as it may deem just and proper.

Respectfully submitted,

Ronald G. McNeil, Esquire
Attorney for Plaintiff
DATE: December 28, 2010
1333 Race Street
Philadelphia, PA  19107-1585
(215) 564 - 3999 (t)
(215) 564 - 3537 (fx)
r.mcneil1@verizon.net

## VERIFICATION

I declare under penalty of perjury that the information provided in this Complaint is true and correct.

Olean D. McNeil, Plaintiff
DATE: 12/28/10